## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY JONES,
            Appellant,

v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
DE-0752-21-0269-C-1

DATE: March 28, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Jones</u>, Jonesboro, Arkansas, pro se.

<u>Richard Wolfe</u>, <u>David L. Miller</u>, and <u>Leatrice Reason Taylor</u>, Esquire, Fort Huachuca, Arizona, for the agency

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members voted on this decision before March 28, 2025.

### ORDER

The appellant has filed a petition for review of the compliance initial decision, which challenged the administrative judge's decision that he was not entitled to back pay because he was not ready, willing, and able to work between

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his removal and interim reinstatement at the agency and that his incapacity was not caused by his removal. On petition for review, the appellant argues that he is entitled to back pay and that his appeal should be reassigned from the administrative judge. Generally, we grant petitions such as this one only in the following circumstances: the compliance initial decision contains erroneous findings of material fact; the compliance initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the compliance initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the compliance petition for review. Therefore, we DENY the compliance petition for review and AFFIRM the compliance initial decision.

However, this order does not constitute a final order as to MSPB Docket No. DE-0752-21-0269-C-1, and it is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1) regarding that matter. Some issues raised in the appellant's petition for enforcement are being addressed separately in a compliance referral matter, under MSPB Docket No. DE-0752-21-0269-X-1. Upon final disposition of the compliance referral, a final order shall be issued in MSPB Docket Nos.

DE-0752-21-0269-C-1 and DE-0752-21-0269-X-1, which shall be subject to judicial review.

FOR THE BOARD:

Gina K. Grippando
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.